Plaintiff's name: Krista Alford
Plaintiff's Address: 27010 Campau Lane
City, ST ZIP Code: Harrison Township, Michigan 48045
Phone | Fax: 269-447-3522
Email: krista.alford@yahoo.com



## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF MICHIGAN

### SOUTHERN DIVISION

KRISTA ALFORD,

        Plaintiff, Pro Se

vs.

KUEHNE + NAGEL INC,

        Defendant

Case: 4:26-cv-10518
Assigned To : Kumar, Shalina D.
Referral Judge: Patti, Anthony P.
Assign. Date : 2/13/2026
Description: CMP ALFORD v
KUEHNE + NAGEL INC (JP)

COMPLAINT FOR EMPLOYMENT
DISCRIMINATION AND RETALIATION

_____

Plaintiff, Pro

COMPLAINT FOR EMPLOYMENT DISCRIMINATION AND RETALIATION - 1

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION AND RETALIATION

(Jury Trial Demanded)

### I. INTRODUCTION

1. This is an action for damages and equitable relief arising from unlawful employment practices in violation of **Title VII of the Civil Rights Act of 1964**, as amended, 42 U.S.C. § 2000e *et seq.*

2. Plaintiff brings this action alleging **race discrimination**, **sex discrimination**, and **retaliation** after engaging in protected activity, including internal complaints and complaints to the Equal Employment Opportunity Commission ("EEOC").

3. Defendant subjected Plaintiff to adverse employment actions, including denial of overtime opportunities, removal from her department, and continued retaliatory conduct after Plaintiff complained of discrimination.

### II. JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction under **28 U.S.C. § 1331** because this action arises under federal law, including **Title VII**, 42 U.S.C. § 2000e *et seq.*

5. This Court has jurisdiction to grant declaratory and injunctive relief pursuant to **28 U.S.C. §§ 2201–2202**.

6. Venue is proper in this District under **28 U.S.C. § 1391(b)** because the unlawful employment practices occurred in Michigan and Defendant conducts business in this District.

### III. PARTIES

7. **Plaintiff** is an African American female who was employed by Defendant in Michigan at all relevant times.

8. **Defendant Kuehne + Nagel Inc.** is an employer within the meaning of **42 U.S.C. § 2000e(b)** and employed more than fifteen (15) employees during the relevant period.

### IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

9. Plaintiff timely filed a charge of discrimination with the EEOC alleging race discrimination, sex discrimination, and retaliation.

COMPLAINT FOR EMPLOYMENT DISCRIMINATION AND RETALIATION - 2

10. The EEOC issued Plaintiff a **Notice of Right to Sue**, and this action is filed within ninety (90) days of Plaintiff's receipt of that notice, as required by **42 U.S.C. § 2000e-5(f)(1)**.

### V. FACTUAL ALLEGATIONS

11. Plaintiff was employed by Defendant in a department where overtime opportunities were regularly offered.

12. In or about **October 2023**, Plaintiff discovered that she was **not being offered overtime** that was granted to **similarly situated male employees**.

13. Plaintiff complained internally to management and her supervisor regarding the disparate treatment.

14. Defendant failed to take corrective action.

15. Following Plaintiff's complaints, she was **involuntarily removed from her department**, constituting a materially adverse employment action.

16. Plaintiff reasonably believed—and continues to believe—that she was treated differently due to her **race (African American) and sex (female)**.

17. Plaintiff further believes the removal from her department and subsequent adverse actions were taken **in retaliation** for her complaints of discrimination.

18. Defendant continued retaliatory conduct against Plaintiff, including acts occurring as recently as **January 16, 2026**.

19. Defendant's conduct caused Plaintiff emotional distress, financial harm, and loss of employment opportunities.

### VI. CLAIMS FOR RELIEF

#### COUNT I

#### Race Discrimination (Title VII)

42 U.S.C. § 2000e-2(a)

20. Plaintiff incorporates paragraphs 1–19 by reference.

21. Defendant discriminated against Plaintiff on the basis of race by denying overtime opportunities and subjecting her to adverse employment actions.

COMPLAINT FOR EMPLOYMENT DISCRIMINATION AND RETALIATION - 3

22. Similarly situated employees outside Plaintiff's protected class were treated more favorably.
23. Defendant's actions violate **Title VII**, 42 U.S.C. § 2000e-2(a).

### COUNT II

### Sex Discrimination (Title VII)

42 U.S.C. § 2000e-2(a)

24. Plaintiff incorporates paragraphs 1–23 by reference.
25. Defendant discriminated against Plaintiff on the basis of sex by denying overtime opportunities afforded to male employees.
26. Defendant's conduct constitutes unlawful sex discrimination in violation of **Title VII**.

### COUNT III

### Retaliation (Title VII)

42 U.S.C. § 2000e-3(a)

27. Plaintiff incorporates paragraphs 1–26 by reference.
28. Plaintiff engaged in protected activity by complaining internally and externally about discrimination.
29. Defendant subjected Plaintiff to materially adverse actions, including departmental removal and continued retaliation.
30. Defendant's actions were causally connected to Plaintiff's protected activity.
31. Defendant violated **42 U.S.C. § 2000e-3(a)**.

### VII. DAMAGES

32. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered:

- Lost wages and benefits
- Emotional distress
- Reputational harm
- Future economic losses

COMPLAINT FOR EMPLOYMENT DISCRIMINATION AND RETALIATION - 4

33. Defendant acted intentionally, willfully, and with reckless indifference to Plaintiff's federally protected rights, entitling Plaintiff to **compensatory and punitive damages** under **42 U.S.C. § 1981a**.

### VIII. PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court:

A. Enter judgment in favor of Plaintiff and against Defendant;

B. Award compensatory damages in an amount to be determined at trial;

C. Award punitive damages pursuant to 42 U.S.C. § 1981a;

D. Award back pay and front pay as appropriate;

E. Grant equitable relief deemed just and proper;

F. Award costs and allowable attorney's fees under **42 U.S.C. § 2000e-5(k)**;

G. Grant such other relief as the Court deems just.

### IX. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respecfully submitted,

*/s/ Krista Alford*    2/13/2026

KRISTA ALFORD

Plaintiff, Pro Se

27010 Campau Lane

Harrison Township, Michigan 48045

269-447-3522

krista.alford@yahoo.com

**VERIFICATION**

I, **Krista Alford**, declare under penalty of perjury pursuant to **28 U.S.C. § 1746** that I am the Plaintiff in this action, that I have read the foregoing Complaint, and that the factual allegations contained therein are true and correct to the best of my knowledge, information, and belief.

I understand that false statements may subject me to penalties under federal law.

Executed on this 10th day of February, 2026, in Harrison Township, Michigan.

_____

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

**KRISTA ALFORD**,

Plaintiff,

v.

**KUEHNE + NAGEL INC.,**

Defendant.

Case No.: _____

Hon. _____

**PROPOSED ORDER**

Upon consideration of Plaintiff's Complaint alleging violations of **Title VII of the Civil Rights Act of 1964**, and the Court being otherwise fully advised in the premises,

IT IS HEREBY ORDERED that:

1. Plaintiff's Complaint is **ACCEPTED FOR FILING**; and
2. The Clerk of the Court shall issue a **summons** as to Defendant; and
3. Plaintiff shall effect service of process in accordance with **Federal Rule of Civil Procedure 4**.

IT IS SO ORDERED.

Dated: _____

UNITED STATES DISTRICT JUDGE

JS 44 (Rev. 10/20)  **CIVIL COVER SHEET**  County in which action arose: Wayne

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Christa Alford

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff: Macomb
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Wayne
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*
- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

CIVIL RIGHTS: 442 Employment [X]

442

**V. ORIGIN** *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District (specify)
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

**VII. REQUESTED IN COMPLAINT:**
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [X] Yes [ ] No

**VIII. RELATED CASE(S) IF ANY** *(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: January 23, 2026
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

PURSUANT TO LOCAL RULE 83.11

1.     Is this a case that has been previously dismissed?    ☐ Yes ☐ No

    If yes, give the following information:

    Court: _____

    Case No.: _____

    Judge: _____

2.     Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)    ☐ Yes ☐ No

    If yes, give the following information:

    Court: _____

    Case No.: _____

    Judge: _____

Notes :